UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TERRENCE T. LAFAIVE,

        Plaintiff,

        v.                                      Case No. 21-cv-0486-bhl

CITY OF WAUKESHA,
MILES C. JOBKE,
CODY P. MANDERS,
COUNTY OF WAUKESHA,
LAURA LAU,
ABBEY NICKOLIE, and
SARA SCULLEN,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Terrence LaFaive, who is currently serving a state prison sentence at Stanley Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on LaFaive's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

LaFaive has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). LaFaive has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial

partial filing fee of $7.43. LaFaive's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

**ALLEGATIONS OF THE COMPLAINT**

LaFaive alleges that, on March 9, 2019, Waukesha Police Officers Cody Manders and Miles Jobke performed a traffic stop to investigate an improper stop and turn. In the course of searching the vehicle, the officers allegedly found what they suspected to be illegal drugs. LaFaive asserts that the driver admitted the container was his and that he and another passenger denied knowing that the drugs were there or what the drugs were. The driver and the other passenger were released, but LaFaive states that he was arrested on a probation hold and eventually charged with "intent to deliver (possession) of schedule IV drugs." Dkt. No. 1 at 2-3.

According to LaFaive, he was incarcerated from March 9, 2019 until August 2, 2019. He explains that, during the intake proceeding, defense counsel "claimed 90 day speedy trial, indigency, and bail was set at $2500 cash bond." Dkt. No. 1 at 3. After sixty days of incarceration, during a revocation hearing, an administrative law judge allegedly ordered the Department of Corrections to lift the hold. At the preliminary hearing, defense counsel allegedly informed the presiding commissioner Sara Scullen that the probation hold had been lifted and that, prior to being arrested, LaFaive had been employed full-time at a rate of $11 per hour. According to LaFaive, Scullen then raised his bail to $5,000 cash bond, which LaFaive states he "was unable to sustain." Judge Laura Lau allegedly denied LaFaive's motion to modify his bail. Dkt. No. 1 at 2-3.

According to LaFaive, on about July 20, 2019, the toxicology report was released, revealing that the contraband found in the car was a non-narcotic. LaFaive asserts that Assistant District Attorney Abbey Nickolie filed a motion to dismiss the case without prejudice, which Judge Lau granted. LaFaive was released on August 2, 2019. Dkt. No. 1 at 3.

3

## THE COURT'S ANALYSIS

The Court understands that LaFaive is angry that he spent four months in jail and lost his job as a result of charges that were eventually dismissed after it was revealed that suspected illegal drugs—that LaFaive asserts were never in his possession—were not illegal drugs. But, "[f]ederal courts cannot reach out to award remedies when the Constitution or laws of the United States do not support a cause of action." *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 75 (1992). LaFaive cannot sue Judge Lau because the decisions she made were within the scope of her duties as a judge, and therefore she is absolutely immune from suit. *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005). Similarly, ADA Nickolie enjoys absolute immunity for her decisions to initiate and seek dismissal of the case against LaFaive. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341-42 (2009). Finally, "[o]fficers and agencies that perform quasi-judicial functions are entitled to absolute immunity in order to protect their decision-making function from being impeded by fear of litigation or personal monetary liability." *Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999). Accordingly, Court Commissioner Scullen is absolutely immune from LaFaive's claim that she excessively raised his bail because the setting of bail is a judicial act. *Smith v. City of Hammond, Indiana*, 388 F.3d 304, 306-07 (7th Cir. 2004).

Officers Jobke and Manders must also be dismissed because LaFaive fails to state a claim against them. He alleges that they stopped the vehicle he was a passenger in to investigate an improper stop and turn, which is permissible under the Fourth Amendment. *Whren v. U.S.*, 517 U.S. 806, 810 (1996) ("…the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred") (citations omitted). He also asserts that the officers arrested him pursuant to a probation hold. It is unclear whether a hold was already in place or whether the officers arrested him because they suspected he may have been in violation

of his mandatory supervised release agreement. Either way, LaFaive fails to state a claim because, the "seizure of a probationer need not be supported by probable cause to pass constitutional muster." *Hoeft v. Anderson*, No. 09-cv-138, 2010 WL 2720002, at *3 (W.D. Wis. July 6, 2010). The Seventh Circuit has explained that the seizure of a parolee "based on only reasonable suspicion" that the parolee has violated a term of his mandatory supervised release agreement does not violate the Fourth Amendment. *Knox v. Smith*, 342 F.3d 651, 657 (7th Cir. 2003). LaFaive concedes he was on supervised release at the time of the traffic stop and that the officers found drugs in the vehicle he was traveling in. Although LaFaive denied the drugs belonged to him, it was reasonable to suspect that LaFaive was violating the terms of his supervised release agreement.

Finally, LaFaive fails to state a claim against the City and/or County of Waukesha. It is not clear why LaFaive has named them as Defendants—he does not make any allegations against the city or county in the body of his complaint. Under Federal Rule of Civil Procedure 8, a plaintiff must provide "a short and plain statement of the claim" in order to give the defendant notice of what the plaintiff believes the defendant did or did not do to violate his rights. In his request for relief, LaFaive states that he "wants procedure[s] to determine toxicology, identification of substances and initial review to be more precise fast [sic]." Dkt. No. 1 at 6. This requested relief suggests that LaFaive believes he was injured by the city and/or county's policies regarding the testing of drugs, but the Court will not speculate on the basis of the claim LaFaive seeks to bring.

Because LaFaive fails to state a claim against some Defendants and seeks monetary relief from other Defendants who are immune from such relief, the Court will dismiss his complaint. The Court will allow LaFaive the chance to file an amended complaint if he wishes to try to continue this case with new allegations that support legally appropriate relief. If he wishes to pursue claims against the City or County of Waukesha, his amended complaint must provide notice

5

of what he believes they did or did not do to violate his rights. To state a claim against a city and/or county under §1983, LaFaive must allege that: 1) he suffered a deprivation of a federal right; 2) as a result of an express municipal policy or widespread custom; which 3) was the proximate cause of his alleged injury. *See Ovadal v. City of Madison, Wisconsin*, 416 F.3d 531, 535 (7th Cir. 2005). As a reminder, "[m]unicipalities do not face *respondeat superior* liability under section 1983 for the misdeeds of employees or other agents. Only actions of the entity will suffice." *Flores v. City of South Bend*, No. 20-1603, 2021 WL 1903225, at *3 (7th Cir. May 12, 2021). In other words, a "governmental body's policies must be the *moving* force behind the constitutional violation before [the Court] can impose liability…." *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 306 (7th Cir. 2010).

If LaFaive wants to proceed, he must file an amended complaint on or before **June 18, 2021**. Failure to file an amended complaint within this time period may result in dismissal of this action. The amended complaint must bear the docket number assigned to this case. It will replace the prior complaint, so it must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. §1915A.

**IT IS THEREFORE ORDERED** that the complaint is **DISMISSED** because it fails to state a claim upon which relief can be granted and seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. §1915A.

**IT IS FURTHER ORDERED** that LaFaive's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **June 18, 2021**, LaFaive may file an amended complaint curing the defects in the original complaint as described herein. If LaFaive chooses not to file an amended complaint, this action may be dismissed.

**IT IS FURTHER ORDERED** that the Clerk's Office mail LaFaive a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of LaFaive shall collect from his institution trust account the $342.57 balance of the filing fee by collecting monthly payments from LaFaive's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If LaFaive is transferred to another institution, the transferring institution shall forward a copy of this order along with LaFaive's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where LaFaive is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

LaFaive is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 18th day of May, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge