UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRENCE T. LAFAIVE,

    Plaintiff,

  v.              Case No. 21-cv-0486-bhl

CITY OF WAUKESHA and
COUNTY OF WAUKESHA,

    Defendants.

## SCREENING ORDER

  Plaintiff Terrence LaFaive, who is currently serving a state prison sentence at Stanley Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On May 18, 2021, the Court screened the complaint and gave LaFaive the opportunity to file an amended complaint, which he did on May 24, 2021. The Court will screen the amended complaint in accordance with 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

  As the Court previously explained to LaFaive, it has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

  LaFaive alleges that, on March 9, 2019, he was a passenger in a vehicle stopped by Waukesha County police officers. During the stop, officers located pills that they allegedly

identified as narcotics by using the website pillidentifier.com. LaFaive asserts that the driver and another passenger were released, but he was arrested on a probation hold. LaFaive was eventually charged with possession with intent to deliver schedule IV drugs. Dkt. No. 8 at 2.

LaFaive explains that "[a]n order to revoke [his] probation was initiated," and he was presented at a revocation hearing. Dkt. No. 8 at 2. However, after having been incarcerated for sixty days, the administrative law judge ordered the Department of Corrections to lift the hold because no toxicology testing had been done to confirm the pills were narcotics.

LaFaive explains that, based on a prior experience, he knows that rapid drug testing is available. In 2016, Defendant Waukesha County was able to obtain testing results within a few hours. However, in this case, a toxicology report was not completed until July 20, 2019, more than four months after his arrest and more than two months after his probation hold was lifted. LaFaive asserts that the test revealed the pills were a non-narcotic. On August 2, 2019, the district attorney moved to the dismiss the charges, and he was released from jail that day. LaFaive asserts that, as a result of Defendants' policies and practices regarding the testing of drugs, he was unnecessarily incarcerated for more than four months and lost his job.

## THE COURT'S ANALYSIS

To state a claim against the City and/or County of Waukesha under §1983, LaFaive must allege that: 1) he suffered a deprivation of a federal right; 2) as a result of an express municipal policy or widespread custom; which 3) was the proximate cause of his alleged injury. *See Ovadal v. City of Madison, Wisconsin*, 416 F.3d 531, 535 (7th Cir. 2005). LaFaive asserts that, as a result of the City and/or County's policies or practices regarding the testing of suspected narcotics, he was wrongfully deprived of his liberty for four months.

In *Garcia v. City of Chicago, Ill.*, the Seventh Circuit concluded that the City's delay in testing white power believed to be cocaine did not violate the plaintiff's right to due process because "once police officers have discovered sufficient facts to establish probable cause, they have no constitutional obligation to conduct further investigation in the hopes of uncovering potentially exculpatory evidence." 24 F.3d 966, 970 (1994). The appellate court noted that, if the plaintiff "believed the City was proceeding too slowly, he could have tested the substance himself by exercising his right to investigate." *Id.* at 970, n. 5 (citations omitted).

While the broad principles in *Garcia* would appear to foreclose LaFaive's claim against the City and/or County, there are significant factual differences between that case and this one. While the Seventh Circuit noted that it could not fathom "why a twenty day period of testing a substance" would be constitutionally deficient, *Garcia*, 24 F.3d at 970, LaFaive complains of a significantly longer delay—one hundred and thirty-three days. Also, while the plaintiff in *Garcia* had his probation revoked subsequent to his arrest and remained in jail until his probation was reinstated, LaFaive's probation was never revoked. In fact, the administrative law judge allegedly ordered the probation hold to be lifted after sixty days because no toxicology testing had been completed and the officers' use of a website to identify the pills as a narcotic was apparently insufficient to prove a violation had occurred. Inexplicably, after the hold was lifted, another seventy days passed before the pills were tested. And then, despite there appearing to be no other basis for LaFaive's incarceration, another thirteen days passed before the charges against him were dismissed and he was released.

In light of these differences, the Court concludes that further proceedings are necessary to determine whether LaFaive's due process rights were violated by the lengthy delay in testing the pills and/or by the delay in releasing him after testing revealed the pills were not narcotics. To

3

prevail, LaFaive will have to show that he was deprived a right under the Constitution and that the deprivation was proximately caused by an express municipal policy or widespread practice. LaFaive will have to use discovery to learn whether it was a City or County policy that allegedly led to the deprivation of his rights.

Finally, the Court reminds LaFaive that "[m]unicipalities do not face *respondeat superior* liability under section 1983 for the misdeeds of employees or other agents. Only actions of the entity will suffice." *Flores v. City of South Bend*, No. 20-1603, 2021 WL 1903225, at *3 (7th Cir. May 12, 2021). In other words, a "governmental body's policies must be the *moving* force behind the constitutional violation before [the Court] can impose liability…." *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 306 (7th Cir. 2010). Accordingly, if during discovery, LaFaive comes to believe that his due process rights were violated by the misdeeds of an individual rather than as a result of a policy or practice, he must promptly seek leave to file a second amended complaint naming the individual as a defendant and alleging what he believes the individual did or did not do to violate his rights. Any such motion must comply with Civil L. R. 15, which requires the moving party to identify in his motion the differences between the operative complaint and the proposed amended complaint. The proposed amended complaint must be attached to the motion and must complete in and of itself without reference to or reliance on prior complaints.

**IT IS THEREFORE ORDERED** that the United States Marshal shall serve a copy of the amended complaint (Dkt. No. 8) and this order upon the City of Waukesha and the County of Waukesha pursuant to Federal Rule of Civil Procedure 4. LaFaive is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to

order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Defendants shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 2nd day of June, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
